**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0210-25

KAYLEIGH LEONARD,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted May 28, 2026 – Decided June 12, 2026

Before Judges Smith and Berdote Byrne.

On appeal from the New Jersey Department of Corrections.

Kayleigh Leonard, self-represented appellant.

Jennifer Davenport, Attorney General, attorney for respondent (Christopher Weber, Assistant Attorney General, of counsel; Eric Intriago, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner, Kayleigh Leonard, who is currently incarcerated at a New Jersey State Prison, appeals from a New Jersey Department of Corrections (DOC) final agency decision (FAD) finding her guilty of prohibited act .152, destroying, altering or damaging government property or the property of another person, in violation of N.J.A.C. 10A:4-4.1(a)(4)(i). We reverse and remand for the reasons which follow.

## I.

On July 23, 2025, around 8:50a.m., custody staff were conducting a search of inmate cells when they found petitioner in possession of a prison-issued mattress with the cover removed, exposing the cushion. The next day petitioner was served with a DOC disciplinary charge, alleging she committed infraction .152, destroying, altering or damaging government property or the property of another person.[1] DOC scheduled a hearing for July 25, 2025. Petitioner pled not guilty, arguing that: she received the mattress in that state; she did not alter it; and other inmates received mattresses in the same condition. Petitioner argued that her possession of the mattress was insufficient proof to demonstrate that she damaged it.

---

[1] N.J.A.C. 10A:4-4.1(a)(4)(i).

A-0210-25

The DOC introduced two written reports, a photo of the damaged mattress, and petitioner's confidential medical evaluation showing she had the capacity to understand and be responsible for the incident. The reports stated that during a cell search, they found petitioner was in possession of a mattress with the cover ripped off. Neither officer reported seeing petitioner remove the mattress cover.

In their initial decision, the hearing officer noted that petitioner was "charge-free since 2024" and stated that the correctional goals for this decision included encouraging the respect of state-issued property. The hearing officer found petitioner guilty and imposed a sanction of $160 as restitution for the damaged mattress. The effect of this initial decision postponed petitioner's eligibility to enter transitional housing for an additional year.

Petitioner appealed. On July 30, 2025, the DOC Assistant Superintendent issued an FAD adopting the initial decision, finding only that the sanction appropriate for the offense. Petitioner appealed.

II.

Our scope of review of an agency decision is limited. Cowan v. N.J. State Parole Bd., 263 N.J. 91, 105 (2026). An agency decision is afforded deference, overturned only when it is arbitrary, capricious, or unreasonable or not supported by substantial credible evidence in the record. Ibid.

A-0210-25

"A reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'" Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 238-39 (App. Div. 2019) (quoting In re Stallworth, 208 N.J. 182, 194 (2011)). "This is particularly true when the issue under review is directed to the agency's 'special expertise and superior knowledge of a particular field.'" Stallworth, 208 N.J. at 195 (quoting In re Herrmann, 192 N.J. 19, 28 (2007)). However, "our review is not 'perfunctory,' nor is 'our function . . . merely [to] rubberstamp an agency's decision.'" Berta v. N.J. State Parole Bd., 473 N.J. Super. 284, 303 (App. Div. 2022) (alteration in original) (quoting Blanchard, 461 N.J. Super. at 237-38). Instead, "[w]e are constrained to engage in a 'careful and principled consideration of the agency record and findings.'" Ibid. (quoting Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000)).

A hearing officer's findings are required to be ". . . sufficiently specific under the circumstances of the particular case to enable the reviewing court to intelligently review an administrative decision and ascertain if the facts upon which the order is based afford a reasonable basis for such order." In re Thomas Orban/Square Props., LLC, 461 N.J. Super. 57, 77 (App. Div. 2019) (quoting N.J. Bell Tel. Co. v. Commc'ns Workers of Am., 5 N.J. 354, 375 (1950)).

4

"Absent a sufficient statement of reasons, we cannot ascertain whether the [DOC]'s decision is justified or arbitrary and capricious." Berta, 473 N.J. Super. at 303 (citing Mejia v. N.J. Dep't of Corrs., 446 N.J. Super. 369, 378-79 (App. Div. 2016) (reversing and remanding penalty for institutional infraction for failure to provide reasons for particular sanction)).

We review a DOC decision in a prisoner disciplinary proceeding to determine whether the record contains substantial evidence that the inmate has committed the prohibited act, and whether, in making its decision, the DOC followed the regulations adopted to afford inmates' procedural due process. See Cowan, 263 N.J. at 106.

III.

Petitioner argues the FAD must be reversed because there was insufficient evidence to support it. Petitioner maintains that she received the mattress in the damaged condition and she did not alter the mattress. Petitioner contends that her possession of the mattress does not constitute substantial evidence that she altered it herself. After our review of the record, we agree.

N.J.A.C. 10A:4-9.15(a) provides that "[a] finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." Substantial evidence is "'such evidence [that] a reasonable

mind might accept as adequate to support a conclusion,' and 'evidence furnishing a reasonable basis for the agency's action.'" Blanchard, 461 N.J. Super. at 238 (quoting Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010)).

The officer reports and photograph of the mattress show that petitioner was in possession of a damaged mattress. The record does not, however, contain any evidence that petitioner tore the mattress cover herself. The burden of proof rests with the agency. Berta, 473 N.J. at 303. We note the hearing officer's statement relies on a record devoid of direct or indirect evidence tending to prove petitioner damaged the mattress or its cover in any way. The DOC's FAD mistakenly affirmed the initial decision without the support of substantial credible evidence in the record. We therefore conclude the DOC's decision was arbitrary, capricious, and unreasonable.

We reverse and remand to the DOC for entry of an order of dismissal.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M. C. Hanley

Clerk of the Appellate Division

6